1    Darius-Johnson: Bey

2    c/o P.O. Box 42051

3    Phoenix, Arizona 85080

4    602-451-8948

5    Affidavit of Lawsuit

6    TheMoorishDivine7@gmail.com

7    Authorized Representative

FILED ☒   LODGED ___
RECEIVED ___   COPY ___

APR 0 4 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY                    DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE  LRCivP.S.p
                (Rule Number/Section)

8

9                              **Affidavit**

10                        **Amended Complaint**

11   Darius-Johnson: Bey, ☒.                   Case: 2:23-cv-00477-MTL-CDB

12            Plaintiff,                        **Amended Complaint**

13   **VS.**                                |

14   **ARIZONA, State of et al**            |

15   **Defendant,**                         |

16   — — — — — — — — — — — — — — — — |

17                                        |

18                                        |

19                                        |

20                                        |

21                           **Parties**

22   Darius-Johnson: Bey (hereafter know as plaintiff)

23   The defendant STATE OF ARIZONA is a government agency doing business. (Hereafter know as
24   Defendants)

25   The Defendant ARIZONA DEPARTMENT OF ADMINISTRATION RISK MANAGEMENT (Hereafter
26   know as Defendants)

27   The Defendant CITY OF PHOENIX POLICE DEPARTMENT (Hereafter know as Defendants)

28

29   The Defendant ARIZONA PEACE OFFICER STANDARDS AND TRAINING BOARD (Hereafter know

30   as Defendants)

31   The Defendant CURTIS KLUSEK 10760 (Hereafter know as Defendants)

32   The Defendant ANDREA LAMPHIER 10858 (Hereafter know as Defendants)

33   All Defendants are Joint Tortfeasors fully liable for the injuries sustained by Plaintiff

34

## Summary of Facts

35

36

37   On the 24th day of April in the year 2022 A.D.  around 9:44 am, The Plaintiff was traveling on I-

38   17 with his child.

39

40   The plaintiff was stopped and detained by peace officer LEWIS 8247 without any Reasonable

41   Articulable Suspicion of a crime, no corpus delecti, nor a fourth Amendment warrant signed by

42   an article III or article VI judge with a wet ink signature.

43

44   This Stopped the plaintiff from continuing with his life, liberties, and freedoms as before the

45   interference.

46

47   Officer Lewis was told of the supreme court and constitutionally protected right to travel.

48

49   He asked for Identification, even with the plaintiff's constitutionally protected right to privacy,

50   the plaintiff obliged the request as a show of good faith.

51

52   The officer then took the personal identification card without returning the property and called

53   multiple units to the scene, Intimidating the plaintiff, The officer was already intent on arresting

54   the plaintiff without due process as stated in his own words on his discovery. (Attachment__

55   p_)

56   The plaintiff asked Officer Lewis to get a supervisor, he responded he was the supervisor.

57

58   The plaintiff was initially detained for over an hour. During that hour, the victim was

59   approached by as many as 6 different officers, while other officers gathered behind the

60   plaintiff's property, they conspired to create a plan to take the plaintiff's property without a

61   warrant.

62

63   They stated they have the right and authority to do so, as they misrepresented themselves,

64   because color of law nor color of authority gives them such rights.

65

66   While operating within the scope of their employment makes vicariously liable per Respondeat

67   Superior THE CITY OF PHOENIX POLICE DEPARTMENT, THE CITY OF PHOENIX, ARIZONA

68   DEPARTMENT OF ADMINISTRAION RISK MANAGEMENT, Klusek, Lamphier, Scott, Lewis,

69   Washington, and Woods

70
71 As officers Lamphier and Klusek Approached the plaintiff's property, they displayed a different
72 conduct and demeanor from all other officers, they looked to antagonize the incident by
73 making threats, and implementing argumentative tactics to deviate the conversation from the
74 constitutional law and their duty of care.
75
76 The plaintiff read multiple supreme court rulings, to several officers, on the right to travel being
77 upheld, he showed that its ruling Supersedes any county, city, or state rules, regulations or
78 codes.
79
80 Officer Klusek took a moment to ask for one of the supreme court rulings the plaintiff was
81 reciting so he could look it up, read it, and then proceed to knowingly violate the plaintiffs'
82 rights even with the knowledge of the truth. Emphasizing the fact that peace officers' training
83 has overruled reasonable thinking, as they have been taught to use rules, codes, statues, and
84 violations to violate men/women's constitutional rights.
85
86 As officer Klusek stood in the window reading the case ruling by the supreme court, the plaintiff
87 took it upon himself to roll up his window to disengage the antagonizing tactics of the officers
88 so he could tend to his anxious, young child who was in the back seat and had to witness all the
89 tension and negativity.
90
91 As the plaintiff let's up his window, the officer voluntarily and intentionally says to the plaintiff,
92 "if you let up this window, I'm going to break it open and drag you out", scaring the plaintiff
93 who knew well that the officers could do such actions and worse without anyone stopping
94 him/them from possibly using deadly force. The plaintiff had already initiated the closing of his
95 window, before the plaintiff was given a chance to comprehended what was said to him, the
96 officer had already voluntarily aggressively yanked the plaintiff's property open and stepped
97 inside with the officer's hand over his gun, confining the plaintiff even tighter within his
98 property, causing a state of fear, panic, psychic trauma, emotional and mental distress for his
99 life and the wellbeing of his child.
100
101 The plaintiff called a friend to drive the automobile as they were threatening and conspiring
102 with other companies to tow the automobile depriving the plaintiff of due process under color
103 of law according to 18 U.S.C. 241 and 242.
104
105 Once Ashley Duran arrived, the Plaintiff decided to change from the operating seat to the
106 passenger seat, and in the process 3-4 officers without consent from the plaintiff, voluntarily
107 and forcefully pushed the plaintiff to the car window and door, grabbed the plaintiffs arm,
108 twisted and lifted his arm in such a way to cause an immediate and extreme uncomfortable
109 shooting pain up and down his arm and back. These four adults used their entire body weight
110 and strength to surprise attack the plaintiff who was no threat of danger. Officers then
111 proceeded to unlawfully search and seize the plaintiff's property and person, touching his penis
112 and into the plaintiffs' pockets taking private property and touching family air looms not meant
113 to be touched by other hands, disgracing his heritage and causing humiliation to the plaintiff.

3

114

115  While tightly handcuffed and taken against his will and protests, his child screaming in fear and
116  extremely emotionally distressed and panicked, the plaintiff was helpless to help his child
117  causing immediate emotional and psychological injury to the child and the plaintiff.

118

119  The Victim was taken to a booking facility or jail, and when the plaintiff continued to invoke his
120  fourth amendment right to privacy, the officers made the handcuffs tighter. The defendants
121  then put the plaintiff in a cell with the door locked, still handcuffed for "their safety", at no time
122  did the plaintiff pose a threat.

123

124  For at least 3 hours, the plaintiff remained handcuffed while in the cell, at one point the
125  plaintiff saw another man coming out of a cell completely unbound and only then did the
126  plaintiff realized he was being treated different and was being subjected to involuntary
127  servitude.

128

129  Klusek stated, "you want to waste our time, we will waste yours."

130

131  Defendants proceeded to voluntarily take the plaintiff's fingerprints against his constitutional
132  objections, and to assign false prosecutions on to the plaintiff naming the STATE OF ARIZONA as
133  the injured party.

134

135  After hours of pain and suffering, the plaintiff was then forced to sit through multiple
136  excruciating car rides and 22 hours in jail population under horrendous conditions, well below
137  average temperatures, around sick, high and dangerous Individuals, without being fed within
138  his dietary restrictions.

139

140  While imprisoned, the victim's fingerprints were stolen numerous times by Threat and coercion.

141

142  Once in front of the judge, the judge dismissed the fraudulent charges as a show of their
143  frivolity thus showing the extreme maliciousness the defendants will conduct to further the
144  efforts of THE CITY OF PHOENIX POLICE DEPARTMENT.

145

146  While on the job, defendants operating within the scope of their employment and training but
147  outside their constitutional parameters, were looking to further to efforts of THE CITY OF
148  PHONEIX POLICE DEPARTMENT, State of Arizona, Klusek, Lamphier, Scott, Lewis, Washington,
149  woods and all the public service employees working at the facility that unlawfully incarcerated
150  the plaintiff and caused injury throughout the process.

151

152  During this entire incident peace officers misrepresented themselves and used such falsities
153  and threats of bodily and property harm to coerce the plaintiff into vulnerable situations
154  causing harm to the plaintiff.

155

156  The training of the ARIZINONA PEACE OFFICERS STANDARDS AND TRAINING BOARD (known
157  hereafter as AZPOST) is training the cadets to operate outside their many constitutional

158 parameters which is the seed to the rotten tree and should be held liable as their gross
159 negligence sets the entire stage for every infraction and ethics violation in place by selecting,
160 improperly training, and approving every cadet set to be hired, which will then choose to
161 engage the people in the manner that they have been trained, thus AZPOST should be held
162 liable for the damages and injuries caused by the improper actions of all peace officers
163 approved and improperly trained by the Arizona peace officers Standards and Training Board.
164
165 The Defendants used the victim's private property and information to infringe upon his
166 freedoms, access his trust account and bring malicious prosecution against him causing injury
167
168 All defendants named conspired to violate and deprive the plaintiff's constitutional rights.
169
170 DEPARTMENT OF ADMINISTRATIOIN RISK MANAGEMENT holds all bonds for officers giving
171 officers the ability to work and should be held vicariously liable for the officers' actions, which
172 will be held against their bonds
173

174    The Plaintiff's incarceration was the result of numerous mistakes which were caused by the
175    employees carrying out the policies and procedures of the City of PHOENIX and the CITY OF
176                              PHOENIX POLICE DEPARTMENT.

177 **I Darius-Johnson: Bey, Plaintiff claims and asserts that all defendants named in** Case No:
178 CV2023-001619 **acted in concert as they conspired to violate and deprive me of my rights,**
179 **liberties, property and freedoms through a system set in place to circumvent the**
180 **constitutional parameters set on the public servants and government employees.**

181

## First Claim for Relief

183             Darius-Johnson: Bey claim for False Imprisonment & Unlawful Detention

184        The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

185        As a result of an Unlawful detention and false imprisonment by employees of The City of
186  Phoenix Police Department who were working in official capacity at the time and enforcing the
187   rules and codes of THE CITY OF PHOENIX POLICE DEPARTMENT Which, in turn, furthers the
188      efforts of said agency while conspiring with all other defendants or representatives for
189  defendants to violate the plaintiff's freedoms. The plaintiff suffered extreme emotional distress,
190      immediate trauma, psychical damage, physical emotional and mental pain and suffering.

191     Immediately during the false imprisonment, the plaintiff, Darius-Johnson: Bey, feared for his
192     life, causing extreme emotional distress, physical damage, and extreme pain and discomfort
193   because of the false imprisonment. The False imprisonment lasted 26 hours and incurred a loss

194 of wages from missed work since his wife had to close the business early to take care of their
195 child who was in shock and extreme emotional distress.

196 Wherefore, the plaintiff, Darius-Johnson: Bey claims damages from the defendants for Unlawful
197 Detention, and False Imprisonment; which such person by reasonable diligence could have
198 prevented and would not have happened but for the officers depriving the plaintiff of his rights
199 initially.

200 The Plaintiff's Injuries are the result of numerous mistakes which were caused by the
201 employees carrying out the policies and procedures of the City of PHOENIX and the CITY OF
202 PHOENIX POLICE DEPARTMENT.

203 The plaintiff hereby invokes respondeat superior for the actions of their employees of the city
204 of phoenix police department who ignored all constitutional parameters, rights, and freedoms,
205 and violated their oath of office (loyalty oath) and breached their duty of care to the Plaintiff.

206 The Department of Administration Risk Management insures and holds bonds for officers.
207 Therefore, The Department of Administration Risk Management should be held liable for
208 damages caused by their insured and bonded agents.

209 Supporting Law: Arizona State Constitution: Trezevant v. city of Tampa 741 f.2d 336, Article 2
210 Section 8; Article 2 Section 4; Article 2 Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C.
211 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R.
212 2635.101; Edwards vs Wiley 374 p.2d 284, 5 U.S.C. 3331, ARS 38-231; Saucier V Katz 533 U.S.
213 194 (2001); Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279
214 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S. 658; Duncan v. Findlater Eng.
215 Rep. 934, 940(H.L. 1839); 42 U.S. Code § 1988

216

217 ## Second Claim for Relief

218 Darius-Johnson: Bey Claim for Unreasonable Search and Seizure

219 The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

220 As a result of the unreasonable search and seizure proximately caused by the defendants on
221 the scene and the other defendants named that have deliberately conspired through a system
222 used congruently, to deprive the plaintiff of his God given and constitutionally protected right
223 to privacy and protection from unlawful search and seizure. This is further highlighted by the
224 defendants' oaths of office 5 U.S.C. 3331 and ARS 38-231 showing officers have a duty to
225 protect the plaintiff's rights, they did not.

226 As a result of the unreasonable searches and Seizure proximately caused by the defendants, the
227 plaintiff has suffered extensive personal injuries, damages, loss of private property, loss of
228 normal pleasures and enjoyment of life from the resulting back and nerve pain leading to

229     medical expenses, has suffered severe emotional distress, loss of property, replacement of
230     property, mental anguish, pain and suffering leading to less traveling and loss of wages.

231     Seeing as officers had no probable cause, no reasonable articulable suspicion of a crime, no
232 corpus delicti, no Victim, no Complaint against the plaintiff, nor had the plaintiff damaged any
233 property, nor was there a warrant, the stop and detainment were illegal and beyond the
234 authority of peace officers, which if not for the defendants depriving the plaintiff of his rights
235 none of this would have happened.

236 Wherefore, the plaintiff, Darius-Johnson: Bey claims damages from the defendants for Unlawful
237 Search and Seizure, which such person by reasonable diligence could have prevented and
238 would not have happened but for the officers depriving the plaintiff of his rights initially.

239
240 Supporting Law: Arizona State Constitution: Saucier V Katz 533 U.S. 194 (2001), Katz V. UNITED
241 STATES 389 U.S. 347 (1976), Article 2 Section 8; Article 2 Section 4; Article 2 Section 33; 42
242 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1
243 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284, Vickrey v.
244 Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
245 658; 42 U.S. Code § 1988

246

247                     **Third Claim for Relief**

248             Darius-Johnson: Bey Claim for Gross Negligence

249     The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

250 As a result of the grossly negligent training proximately caused by ARIZONA PEACE OFFICERS
251 AND STANDARDS TRAINING (BOARD AND STAFF) for the eventual actions of the employees
252 (KLUSEK, LAMPHIER, Woods, Washington, Smith, Lewis, etc.) of THE CITY OF PHOENIX POLICE
253 DEPARTMENT. The unlawful stop initially occurred and was then exacerbated into
254 constitutional and rights violations. As public servants that are entrusted with the public trust,
255 officers should be trained ethically, not trained to go against their loyalty oath's Title 5
256 U.S.C.3331, ARS 38-231, and against their ethics statement as described in Arizona
257 Administrative Code Title 13, ch 4, 2 (F) for the sake of enforcing codes, rule and violations that
258 are unconstitutional. As a proximate result of their training, the peace officers acted outside of
259 their constitutional parameters. Thus, causing damage and injuries to Darius-Johnson: Bey and
260 Morowa-Pearl: Johnson who was present and sustained injuries in the incident.

261     As result of the terrifying experience of said incident, its aftermath Darius-Johnson: Bey and
262 Morowa-Pearl: Johnson suffered immediate emotional trauma and physical damage as well as
263 direct physical injury witnessed each other in extreme emotional distress, mental anguish, pain,

264   and shock from the proximate actions of officers involved in the incident. Which if not for the
265       defendants depriving the plaintiff of his rights none of this would have happened.

266   Wherefore, the plaintiff, Darius-Johnson: Bey claims damages from the defendants (AZPOST
267   BOARD) for Gross Negligence, which such person by reasonable diligence could have prevented
268   and would not have happened but for the officers depriving the plaintiff of his rights initially.

269   Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
270   Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
271   Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284;
272   Saucier V Katz 533 U.S. 194 (2001); Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v.
273   Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
274   658; 42 U.S. Code § 1988

275

276                           **Fourth Claim for Relief**

277                   Darius-Johnson: Bey's claims for **Malicious Prosecution**
278       The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

279   STATE OF ARIZONA, CITY OF PHOENIX POLICE DEPARTMENT, AZPOST, AND RISK MANAGEMENT
280       DIVISION has conspired with the other defendants and government agencies to deprive the
281       plaintiff of his God Given Rights, protected by the United States of America Constitution,
282   through intimidation, coercion, and threats, by way of code, rules, ordinance violations. This is
283       evident as the State of Arizona was named the Injured party in the since dismissed suit by
284   officers working for the city of phoenix. The false charges are evidence of malicious prosecution
285   of the plaintiff by the defendants as well as evidence of them conspiring in concert to deprive
286                           the plaintiff of his rights and freedoms.

287       As result of the terrifying ordeal, the Plaintiff has mental trauma stemming from officers
288   allowed without recourse to take him and his property unlawfully and use rules outside the Law
289       and the constitutional parameters set upon them, causing the plaintiff damages, pain and
290       suffering, humiliation, time lost, anxiety, fear, loss of wages stemming from fear. Upon the
291       aftermath and being the victim of the incident Darius-Johnson: Bey suffered immediate
292                   emotional trauma and mental anguish as well as direct physical injury

293       Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for
294   **Malicious Prosecution,** which such person by reasonable diligence could have prevented and
295       would not have happened but for the officers depriving the plaintiff of his rights initially.

296   Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
297   Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
298   Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284;
299   Saucier V Katz 533 U.S. 194 (2001); Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v.

300   Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
301                                    658; 42 U.S. Code § 1988

302

303                                **Fifth Claim for Relief**

304                   Darius-Johnson: Bey claims for **Deprivation of Due Process**
305           The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.
306

307       As a result of the deprivation of due process proximately caused by the wrongful training,
308   intentional and neglectful actions of the defendants, Darius-Johnson: Bey suffered extensive
309   personal injuries, loss of wages, Humiliation, Physical Injury which led to fear, anxiety, shock,
310           Immediate emotional distress, mental anguish, Severe Trauma, pain and suffering

311     Immediately during and after the incident where officers took the property and his person
312   without a warrant or probable cause, as officers took it upon themselves to violate the plaintiffs
313   freedoms and constitutionally protected rights which left him in extreme discomfort, observed
314   his child in extreme shock from emotional distress from her father apparently abandoning her,
315       as was himself suffering humiliation, mental and emotional trauma from the incident, while
316       dealing with physical pain from officers grabbing and twisting his arm at the elbow and back
317       issues. Which if not for the defendants depriving the plaintiff of his rights none of this would
318                                        have happened.

319       Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for
320   **Deprivation of Due Process,** which such person by reasonable diligence could have prevented
321     and would not have happened but for the officers depriving the plaintiff of his rights initially.

322     Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
323   Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
324   Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Mathews v. Eldridge 424 U.S. 319
325       (1976); Edwards vs Wiley 374 p.2d 284; Saucier V Katz 533 U.S. 194 (2001); Katz V. UNITED
326       STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v.
327                   Department of Social Services, 436 U.S. 658; 42 U.S. Code § 1988

328

329                                **Sixth Claim for Relief**

330                         Darius-Johnson: Bey's claims for Assault

331       The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

332   The defendant, Curtis Klusek, committed an assault on the plaintiff when he intentionally and
333   deliberately without the plaintiff's consent, threatened to "break his window" of the plaintiff's
334       automobile, while violently snatching open the plaintiff's car door, as the defendant was

335   placing his hand on his gun, and the plaintiff is surrounded by other officers. Placing the plaintiff
336   in fear for his life, Fear of him or his child being cut by glass, making any sudden movements
337   that would put his life or the life of his child in jeopardy, or his property damaged. Which if not
338   for the defendants depriving the plaintiff of his rights none of this would have happened.

339   As a result of these assaults, the plaintiff suffered fear, humiliation, and extreme emotional
340   distress and mental anguish, he was unable to travel and engage in usual activities for 6 months
341   and it was a continual issue for 6 months after stemming from emotional trauma of incident.

342   Wherefore, the plaintiff claims damages from the defendants for Assault, which such person by
343   reasonable diligence could have prevented and would not have happened but for the officers
344   depriving the plaintiff of his rights initially.

345   Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
346   Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
347   Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284;
348   Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853
349   (1955); Monell v. Department of Social Services, 436 U.S. 658; 42 U.S. Code § 1988; Lyon v.
350   Carey, 533 f.2d 649 (D.C. Cir. 1976)
351

352                              **Seventh Claim for Relief**

353                        Darius-Johnson: Bey's claims for Personal Injuries

354   The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

355   As a result of the proximately caused illegal search and seizure, false Imprisonment officers
356   forcefully grabbed the plaintiff Darius-Johnson: Bey, pushing him against his property, while
357   grabbing and twisting his arm and elbow in a jerking motion causing nerve damage and back
358   issues in which the plaintiff has incurred chiropractic care bills to correct a now chronic issue,
359   incurred loss of wages, and experienced pain and suffering and was temporarily disabled.
360   Which if not for the defendants depriving the plaintiff of his rights none of this would have
361                                       happened.

362   Wherefore, the plaintiff Darius-Johnson: Bey, suing in his individual capacity, seeks damages
363   from the defendants for pain and suffering, mental anguish, medical expenses, lost wages,
364   Emotional Distress, and loss of enjoyment of life suffered from the result of his injuries,
365   together with interest and cost of suit. which such person by reasonable diligence could have
366   prevented and would not have happened but for the officers depriving the plaintiff of his rights
367                                       initially.

368   Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
369   Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
370   Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284;

371   Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853
372   (1955); Monell v. Department of Social Services, 436 U.S. 658; 42 U.S. Code § 1988

373

## Eighth Claim for Relief

375   Darius-Johnson: Bey's claims for Cruel and Unusual Punishment

376   The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

377   As a result of the 6 hours in tightly bound handcuffs proximately caused by the defendant's
378   negligence but intentional actions lead to the plaintiff suffering back damage and nerve injuries
379   throughout the back and left arm starting immediately during the 6-hour handcuffing and
380   exacerbated by the 26-hour false imprisonment in extreme conditions. Seeing as no other
381   detainee was handcuffed at the time it seems unusual for such actions and cruelty since the
382   victim was complaining of discomfort throughout. Which if not for the defendants depriving the
383   plaintiff of his rights none of this would have happened.

384   Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for Cruel
385   and Unusual Punishment, which such person by reasonable diligence could have prevented and
386   would not have happened but for the officers depriving the plaintiff of his rights initially.

387   Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
388   Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
389   Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284;
390   Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853
391   (1955); Monell v. Department of Social Services, 436 U.S. 658; 42 U.S. Code § 1988

392

## Ninth Claim for Relief

394   Darius-Johnson: Bey's claims for **Negligent Infliction of emotional distress**

395   The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

396   As a result of the Emotional Distress Proximately caused by the defendant's action's, the
397   plaintiff and his child suffered Extensive emotional distress, Mental Trauma, fear, intimidation,
398   humiliation stemming from being handcuffed and arrested on the highway and in front of his
399   child who was left alone, causing separation anxiety. The incident led to the Chronic Issues that
400   along with the other damages lead to Loss of Wages, loss of enjoyment of life, loss of travel and
401   emotional distress, mental anguish, and psychic trauma. Violating many laws set in place, which
402   if not for the defendants depriving the plaintiff of his rights, none of this would have happened.

403  Immediately after the Incident the plaintiff's and his wife Observed their child in Extreme fear,
404  pain, and emotional distress when having to ride in the automobile. Further exacerbating the
405  injuries above.

406  As a result of the terrifying ordeal of observing her father being taken away forcibly by a group
407  of strange people. And the plaintiff seeing his child in such a condition as well as not being able
408  to comfort her. Both plaintiff and child suffered an Immediate emotional trauma, mental
409  anguish and psychological distress called separation anxiety.

410  Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for Negligent
411  Infliction of Emotional Distress, which such person by reasonable diligence could have
412  prevented and would not have happened but for the officers depriving the plaintiff of his rights
413  initially.

414  Supporting Law: Arizona State Constitution: Article 2 Section 8; Article 2 Section 4; Article 2
415  Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9
416  Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284;
417  Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279 P.2d 853
418  (1955); Monell v. Department of Social Services, 436 U.S. 658; 42 U.S. Code § 1988

419

420  ## Tenth Claim for Relief

421  Darius-Johnson: Bey's claims for Battery

422  The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

423  The Defendant, Curtis Klusek, committed battery upon the plaintiff when he intentionally,
424  Deliberately and without the consent of the plaintiff grabbed, violently yanked open the car
425  door, of the plaintiff's property while plaintiff is sitting inside with his small child, as defendant
426  stepped inside and threatened him while confining the plaintiff into a smaller space. While
427  other officers stood by and silently backed up the actions of the tortfeasor. Which if not for the
428  defendants depriving the plaintiff of his rights none of this would have happened.

429  As a result of the defendant's deliberate acts, the plaintiff suffered extensive emotional
430  distress, fear for life, fear of reoccurrence, fear for child safety, psychic trauma, mental anguish,
431  anxiety, humiliation, pain and suffering from the fear of peace officers overstepping the
432  authority and harming him or his family with no probable cause of a crime. The plaintiff was
433  unable to travel and engage in usual activities for more than 6 months and had chronic issues
434  that lasted more than 6 months.

435

436  Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for Battery,

437        which such person by reasonable diligence could have prevented and would not have
438        happened but for the officers depriving the plaintiff of his rights initially and in the moment.

439

440    Supporting Law: Arizona State Constitution: Saucier V Katz 533 U.S. 194 (2001), Katz V. UNITED
441        STATES 389 U.S. 347 (1976), Article 2 Section 8; Article 2 Section 4; Article 2 Section 33; 42
442        U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1
443        clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284; Vickrey v.
444        Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
445                    658; 42 U.S. Code § 1988; Lyon v. Carey, 533 f.2d 649 (D.C. Cir. 1976)

446

447                        ## Eleventh Claim for Relief

448                    Darius-Johnson: Bey's claims for Fraudulent Misrepresentation

449        The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

450        As a result of the fraudulent misrepresentation proximately caused by the defendants
451        conspiring to make the plaintiff believe the peace officers had the authority to step outside
452    their constitutionally set parameters and ethics set in Arizona Administrative Code Title 13, Ch
453        4, 2 (F) loyalty oath ARS 38-231 & 5 U.S.C. 3331 these fraudulent misrepresentations of
454    authority and color of law caused damages to the plaintiff as he suffered loss of valuable time,
455        physical injury, mental trauma, emotional distress, loss of wages, humiliation, deprivation of
456        rights, pain and suffering. Which if not for the defendants depriving the plaintiff of his rights
457                            none of this would have happened.

458        Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for
459    Fraudulent Misrepresentation which such person by reasonable diligence could have prevented
460        and would not have happened but for the officers depriving the plaintiff of his rights initially.

461

462    Supporting Law: Arizona State Constitution: Saucier V Katz 533 U.S. 194 (2001), Katz V. UNITED
463        STATES 389 U.S. 347 (1976), Article 2 Section 8; Article 2 Section 4; Article 2 Section 33; 42
464        U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1
465        clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284; Vickrey v.
466        Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
467                            658; 42 U.S. Code § 1988

468

469                        ## Twelfth Claim for Relief

470                    Darius-Johnson: Bey's claims for Deprivation of rights

471    The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

472    As a result of the deprivation of rights proximately caused by the defendants conspiring to
473    make the plaintiff believe the peace officers had the authority to step outside their
474    constitutionally set parameters and ethics set in Arizona Administrative Code Title 13, Ch 4, 2
475    (F) loyalty oath ARS 38-231 & 5 U.S.C. 3331 these fraudulent misrepresentations of authority
476    and color of law caused damages to the plaintiff as he suffered loss of valuable time, physical
477    injury, mental anguish, emotional distress, loss of wages, humiliation, deprivation of rights, pain
478    and suffering. Which if not for the defendants depriving the plaintiff of his rights none of this
479    would have happened.

480    Wherefore, the plaintiff Darius-Johnson: Bey claims damages from the defendants for
481    deprivation of rights which such person by reasonable diligence could have prevented and
482    would not have happened but for the officers depriving the plaintiff of his rights initially.

483    Supporting Law: Arizona State Constitution: Saucier V Katz 533 U.S. 194 (2001), Katz V. UNITED
484    STATES 389 U.S. 347 (1976), Article 2 Section 8; Article 2 Section 4; Article 2 Section 33; 42
485    U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1
486    clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284; Vickrey v.
487    Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
488    658; 42 U.S. Code § 1988

489

490    ## Thirteenth Claim for Relief

491    Darius-Johnson: Bey's claims for Unlawful Incarceration

492    The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

493    As a result of an unlawful incarceration by employees of The City of Phoenix Police Department,
494    who were working in official capacity at the time and enforcing the rules and codes of THE CITY
495    OF PHOENIX POLICE DEPARTMENT Which, in turn, furthers the efforts of said agency while
496    conspiring with all other defendants or representatives for defendants to violate the plaintiff's
497    freedoms. The plaintiff suffered extreme emotional distress, immediate trauma, psychical
498    damage, physical emotional and mental pain and suffering.

499    Immediately during the unlawful incarceration, the plaintiff feared for his life, causing extreme
500    emotional distress, physical damage, extreme pain and discomfort, mental anguish, humiliation
501    because of the unlawful incarceration. The Unlawful incarceration lasted 26 hours and incurred
502    a loss of wages from missed work since his wife had to close the business early to take care of
503    their child who was in shock and extreme emotional distress. As well as missing future work
504    and important business meetings in fear of recurrence.

505  Wherefore, the plaintiff, Darius-Johnson: Bey claims damages from the defendants for unlawful
506  incarceration; which such person by reasonable diligence could have prevented and would not
507          have happened but for the officers depriving the plaintiff of his rights initially.

508  The Plaintiff's incarceration was the result of numerous mistakes which were caused by the
509  employees carrying out the policies and procedures of the City of PHOENIX and the CITY OF
510          PHOENIX POLICE DEPARTMENT.

511  Supporting Law: Arizona State Constitution: Trezevant v. city of Tampa 741 f.2d 336, Article 2
512  Section 8; Article 2 Section 4; Article 2 Section 33; 42 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C.
513  1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1 clause 8 - Victims bill of rights; 5 C.F.R.
514  2635.101; Edwards vs Wiley 374 p.2d 284, 5 U.S.C. 3331, ARS 38-231; Saucier V Katz 533 U.S.
515  194 (2001); Katz V. UNITED STATES 389 U.S. 347 (1976); Vickrey v. Dunivan, 59 N.M. 90, 279
516  P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S. 658; 42 U.S. Code § 1988

517

518                          **Fourteenth Claim for Relief**

519                  Darius-Johnson: Bey's claims for Civil Rights Violation

520      The plaintiff repeats and re-alleges the allegations from lines 34 to 178 of the complaint.

521  As a result of the civil rights violations proximately caused by the defendants on the scene and
522      the other defendants named that have conspired through a system used congruently, to
523  deprive the plaintiff of his God given and constitutionally protected, rights, interest, freedoms
524  and property. This is further highlighted by the defendants' oaths of office 5 U.S.C. 3331 and
525  ARS 38-231 showing officers have a duty to protect the plaintiff's constitutionally protected
526                      rights, freedoms and property, they did not.

527  As a result of the violations proximately caused by the defendants, the plaintiff has suffered
528  extensive personal injuries, damages, loss of private property, loss of normal pleasures and
529  enjoyment of life from the resulting back and nerve pain leading to medical expenses, has
530  suffered severe emotional distress, loss of property, humiliation, mental anguish, pain and
531          suffering leading to less traveling from fear of reoccurrence and loss of wages.

532  If not for the defendants voluntary and reckless actions, depriving the plaintiff of his rights,
533                          none of this would have happened.

534  Wherefore, the plaintiff, Darius-Johnson: Bey claims damages from the defendants for civil
535  rights violations, which such person by reasonable diligence could have prevented and would
536          not have happened but for the officers depriving the plaintiff of his rights initially.

537

538  Supporting Law: Arizona State Constitution: Saucier V Katz 533 U.S. 194 (2001), Katz V. UNITED
539  STATES 389 U.S. 347 (1976), Article 2 Section 8; Article 2 Section 4; Article 2 Section 33; 42

540 U.S.C. 1983; 42 U.S.C. 1985; 42U.S.C. 1986; 18 U.S.C. 241; 18 U.S.C. 242; Article 9 Section 2.1
541 clause 8 - Victims bill of rights; 5 C.F.R. 2635.101; Edwards vs Wiley 374 p.2d 284, Vickrey v.
542 Dunivan, 59 N.M. 90, 279 P.2d 853 (1955); Monell v. Department of Social Services, 436 U.S.
543 658; 42 U.S. Code § 1988

544

545 **Demand for Relief**

546 Plaintiff demands judgement against each of the defendants for the following dollars, interest,
547 cost, and expenses incurred herein, and non-monetary remedy, including reasonable attorney
548 fees, and for such other and further relief as deemed by the court.

549

550 ## Compensatory Damages Demand for Relief:

551 **TOTAL Compensatory Damages Relief: $12,063,000 (Twelve Million Sixty-Three Thousand
552 Silver Dollar Coin)**
553 **Lost Earnings: $36,000** *in silver dollar coin convertible at the legal and lawful ratio prescribed by*
554 *law of 24:1 of Federal Reserve notes to silver dollars* and **$19,000** *in silver dollar coin convertible*
555 *at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars.*
556 (Replacement employee)

557

558 **Earning capacity $5 Million** *in silver dollar coin convertible at the legal and lawful ratio*
559 *prescribed by law of 24:1 of Federal Reserve notes to silver dollars* **(Loss of Valuable Employee**
560 **and Investment Opportunity)**

561

562 **Medical expenses: $8,000** *in silver dollar coin convertible at the legal and lawful ratio*
563 *prescribed by law of 24:1 of Federal Reserve notes to silver dollars* (**chiropractor**) and **$5,000** *in*
564 *silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal*
565 *Reserve notes to silver dollars* **(Astrological and Psychic Therapy)**

566

567 **Pain and suffering: $5 Million** *in silver dollar coin convertible at the legal and lawful ratio*
568 *prescribed by law of 24:1 of Federal Reserve notes to silver dollars* **(accumulation total of Relief**
569 **sought for Pain and Suffering damages)**

570

571 **Emotional Distress: $2 Million** *in silver dollar coin convertible at the legal and lawful ratio*
572 *prescribed by law of 24:1 of Federal Reserve notes to silver dollars*

573

574 ## Violation of Rights Demand for Relief:

575

576 **TOTAL Violation of Rights Relief: 22 ACRES OF Government, City, County, or State LAND;
577 $14,295,652.17 (Fourteen Million Two Hundred Ninety-Five Thousand Six Hundred Fifty-Two
578 and Seventeen Cents in Silver Dollar Coin)**

**Violation of Rights: $12 Million** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars* and **2 acres of government, state, county, or city land per occurrence, per person per violation. (4 Abuse of Authority, 2 Unlawful Detention, 4 Unlawful search and seizure, 4 Deprivation of Due Process, 2 False Imprisonment, 2 Civil Rights Violations)**

**18 total acres of government, state, county, or city land.**

**Unlawful Incarceration: $1,695,652.17** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars* **(Trezevant v Tampa)**

**Assault: $300,000** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars* and **2 acres of government, state, county, or city land.**

**Battery: $300,000** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars* and **2 acres of government, state, county, or city land.**

## Replacement of Property Demand for Relief:

**Replacement Property Relief Total: $50,000 (Fifty Thousand in Silver Dollar Coin)**

**Replacement of Property: $50,000** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars*
**($25,000 for private identification card, $25,000 for devaluation of family heirloom)**

## Attorney Fees & Expert Witness Demand for Relief:

**Attorney Fees & Expert Witness: $100,000** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars*

## Punitive Damages for Relief:

**Punitive: $5 Million** *in silver dollar coin convertible at the legal and lawful ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars*

## *Relief Includes Plaintiff Cost of Suit

620  **TOTAL RELIEF- $31,508,652.17** *in silver dollar coin convertible at the legal and lawful*
621  *ratio prescribed by law of 24:1 of Federal Reserve notes to silver dollars AND* **22 ACRES OF**
622  **Government, City, County, or State LAND**
623
624
625
626  **The Plaintiff Claims Trial by Jury on all claims in this action**
627
628
629
630
631  Darius- Johnson: Bey
632  c/o P.O. Box 42051
633  Phoenix, AZ 85080
634  602-451-8948
635  TheMoorishDivine7@gmail.com
636  **Authorized Representative**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Phoenix, AZ 8400x   OFFICIAL USE

Certified Mail Fee $4.15

$3.35

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $

Postage   $3.18

Total Postage and Fees   $10.68

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7022 2410 0000 2551 0513

SIERRA ADOBE STATION PHOENIX, AZ 85027-USPS  APR Postmark Here   04/03/2023

Joshua Zimmerman

Amended Complaint
Sent

↓

Connie Gould

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Phoenix, AZ 8400x   OFFICIAL USE

Certified Mail Fee $4.15

$3.35

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $

Postage   $3.18

Total Postage and Fees   $10.68

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7022 2410 0000 2551 0506

SIERRA ADOBE STATION PHOENIX, AZ 85027-USPS  APR -3 2023 Postmark Here   04/03/2023

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

**Date of Loss:** April 24, 2022      **Time of Loss:** 9:44 AM   **Location of Loss:** Interstate 17 & W Dunlap Ave

**Person or Entity Against Whom Claim is Asserted:** Arizona Department of Administration RISK MANAGEMENT, The State of Arizona, STATE OF ARIZONA, MARICOPA COUNTY, County Of Maricopa,  Arizona Department of Insurance and Financial Institutions, Sergeant Lewis (Initiating officer), Curtis Klusek 10760, Andrea Lamphier 10858, Woods 10679, Washington 10305, Sergeant Scott, Jeff Fine Clerk of The Superior Court, Chief of Police Jerri Williams, The City Of Phoenix Police Department, The City of Phoenix, Arizona Peace officer standards and training, Sheriff Paul Penzone, Governor Doug Doucey, Trust Administrator Jerry Spears, Phoenix Attorney General Mark Brnovich, UNITED STATES, THE UNITED STATES, U.S., USA INC, (see attached 1)

**Claimant Name** Darius Bey, in Propria Persona, Sui Juris  **Natural Born Day:** August 2, 1986

**FEIN Number:** 06143

**Domicile:** ℅ PO Box 42051 near [CORPORATE PHOENIX OF ARIZONA]

**Phone:** 602-451-8948

### Statement of Incident/Basis Of Claim:

I, Darius Bey, Sur Juris, Federal Employer 06143, in Propria Persona and expressly not "pro se" a claimant in personam and expressly not plaintiff, Standing in unlimited commercial liability as an Aboriginal and Indigenous Moor/Muur Flesh and Blood, Natural Being, Moorish American National, also hereafter "affiant" seeking a "common law remedy" pursuant to Constitutional Law 1791 (Republic). The Moorish National Republic in and through its Consul General has commanded Jurisdiction pursuant to Treaty and Constitutional Law. Moorish American Nationals along with Darius Bey have been Violated by Corporate Colorable Codes, Rules Regulations, Statutes and Policy Enforcement that has forced out Nationals under stress, duress, coercion, treason, Human trafficking, Racketeering, and Conspiracy against the Supreme Law of the Land. Record of Deeds Name Declaration, Correction, Proclamation and Publication as well as from my Judicial Notice and Proclamation which is filed at the county recorder's office prior to this incident filed under recording  number 2022-0340869 4/18/22 03:36 Under the Appellation Darius Bey, Darius Johnson Bey. This legal notice Under The Federal Tort Claims Act is to inform **Arizona Department of Administration RISK MANAGEMENT, The State of Arizona, STATE OF ARIZONA, State of Arizona, Maricopa County, MARICOPA COUNTY, County Of Maricopa, Arizona Department of Insurance and Financial Institutions, Sergeant Lewis (Initiating officer), Curtis Klusek 10760, Andrea Lamphier 10858, Woods 10679, Washington 10305, and Sergeant Scott, Jeff Fine Clerk of The Superior Court, Jerri Williams Cheif of Police, The City Of Phoenix Police Department, The City of Phoenix, Arizona Peace officer standards and training, Sheriff Paul Penzone, Sheriff Paul Penzone, Governor Doug Doucey, Trust Administrator Jerry Spears, Phoenix Attorney General Mark Brnovich** of the claimant's Notice of intention to file tort claim for **Intentional, Neglectful, or Constitutional: Deprivation of Constitutional Rights Under Color of State Law, False Imprisonment, Sexual Harassment, Abuse of Process, Malicious Arrest and Prosecution, Kidnapping, Consiracy to Deprive Rights, Deprivation of Rights Under Color Of State Law, Infliction of Emotional Duress, Fraud, Racketeering, Theift, Torture, as well as the unlawful conversion of my property to the unjust use of others, Malfeasance, Sedition, Treason, Infliction of Emotional Distress,  aiding and abetting a tortious claim, Instigating or participating in false**

1

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

**imprisonment, consecutive tortfeasors**. ARS 38-231; Private Individual 1983 Liability; dewares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993); 42 U.S.C. 1983; Millbrook v U.S. 569 u.s. 50 (2013); 18 U.S.C. 241; 18 U.S.C. 242; F.T.C.A. of 1946; 18 U.S.C. 2340; McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997); McMillan, 117 S. CT. at 1741; ARS 38-231; Bivens Action 403 U.S. 388; ARS 11-981; ARS 38-254; ARS 7-103; ARS 38-259; ARS38-255; ARS 38-251; Terry v. Ohio, 392, U.S. 1, 460 U.S. 491, 492; Stone v. Arizona Highway Commission, (1963) 93 Ariz. 384, 381 P.2d 107; Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985); Self v. Rhay, 61 Wn 2d 261; Koenig v. Flynn, 258 N.Y. 292, 179 N.E. 705, 707 "A Concurrent or Joint Resolution is not Law,"

1. I, Darius Bey, claim on or about April, 24, 2022 on or about 9:44am I was trespassed against as I was unlawfully flagged down and detained for a non emergency by Sergeant Lewis a rogue state actor claiming the  "speeding" "policy" ARS 28-701.02A3, 13-2412A, 28-1595B, 28-3473A. According to ARS 38-231 the officer swore an oath to uphold my Constitutional rights and did not. That one officer Sergeant Lewis eventually turned into 10 officers/conspirators also known as policy enforcers, police officers or sheriff officers. Without Darius Bey (me)/(I) having injured any party or damaged any property was detained from 9:44 am until 10:24 am. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** through Color of State Law. Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law" My Injuries include Loss of valuable time and energy due to Unlawful Detainment, Deprivation of Rights, Conspiracy against rights 18 USC 241, 42 USC 1983,  Monell 436 U.S. 658 (1978), U.S.C. 18 242, Deprivation Of Rights Under Color Of State Law, **(Attached 2 phone records showing me calling my consul immediately upon stopping)** I am seeking remedy stated below in 12.

2. I, Darius Bey claim I gave the initial officer Lewis My Identification card that is stating my Allodial Status, FEIN Number 06143, Appellation, Natural Born Day, Picture, Domicile, and asked for his name and badge number which he refused to give multiple times and left himself completely off the report **(Attached 3 Photocopy of Stolen Identification card given to officer upon request)** I am seeking remedy stated below in 12.

3. I, Darius Bey claim at different times during my detainment I read officer Lewis, Klusek 10760, Lamphier 10858, Woods 10679, Washington10305 among other officers who refused to give me their badge number My Constitutional Right to Travel and case law to support it. **Kent v. Dulles 357 us 116,125 / Thompson v. Smith 154 SE 579 / State v. Armstead, 60 s. 778, 779, 781 / Boon v. Clark 214 SW 607, 25 AM jur (1st), Highways, sec 163 / Michigan v. Duke 266US, 476 LED. AT 449 / California v. Farley Ced. Rpt. 89, 20 CA3rd 1032 (1971)** Klusek read some of the case law I gave and told me I don't have those rights. I referred him to my county Record of Deeds Name Declaration, Correction Proclamation and Publication as well as from my Judicial Notice and Proclamation which is filed at the county

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

recorder's office prior to this incident filed under recording  number 2022-0340869 4/18/22 03:36 Under the Appellation Darius Bey, Darius Johnson Bey. According to ARS 38-231 the officer swore an oath to uphold my Constitutional rights and did not. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** through Color of State Law.  Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), Self v. Rhay, 61 Wn 2d 261, "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries include Loss of valuable time and energy due to Unlawful Detainment, Deprivation of Rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983, Deprivation of Constitutional Rights under State Law, Conspiracy to Deprive Rights, Monell 436 U.S. 658, Private Individual 1983 Liability, dewares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993), 42 U.S.C. 1983, Millbrook v U.S. 569 u.s. 50 (2013), F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388, Fraud and Racketeering, Malfeasance,  **(Attached 4 copy of phone records showing when I called my consul upon stopping and when I called my driver for the car and when the driver called my wife that I was being kidnapped)** I am seeking remedy stated below in 12.

4. I, Darius Bey, claim After 20-30 minutes, more than 6 officers were at my window at once staring menacingly into my conveyance. Klusek threatened to break my window as I rolled it up. Immediately causing Injury of severe anxiety, Fear for my Life, Fear for my child from the many officers who will back each other's story up causing Intentional Infliction of Emotional Duress, Neglectful Infliction of Emotional Duress. Distress, Abuse of Process, Deprivation of Rights under Color of State Law According to ARS 38-231 the officer swore an oath to uphold my Constitutional rights and did not. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** through Color of State Law. Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), Self v. Rhay, 61 Wn 2d 261, "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries include loss of valuable time and energy due to Unlawful Detainment, False imprisonment, Deprivation of Rights, Deprivation of Constitutional rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983, Deprivation of Constitutional Rights under State Law, Conspiracy to Deprive Rights, Monell 436 U.S. 658, Private Individual 1983 Liability, dwares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993), 42 U.S.C. 1983, Millbrook v U.S. 569 u.s. 50 (2013), F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388. I am seeking the remedy stated below in 12.

5. I, Darius Bey, claim Immediately while Klusek with Lamphier, Woods, Washington, and others are standing there Klusek snatches open my door and says to me "I'll just keep this open" as he steps inside my car physically in my car and put his hand on his pistol to further injure and inflict emotional distress, Emotional Duress, Fear for my life, Child Abuse, Intimidation and False Imprisonment of me and my

3

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

child through tighter confinement within the conveyance, Deprivation of Rights, Deprivation of Constitutional Rights Under Color of State Law, Instigating or Participating in False Imprisonment, Abuse Of Process, Aiding and Abetting Tortious Conduct, Consecutive Tortfeasors, Instigating or participating in False Imprisonment,  According to ARS 38-231 the officer swore an oath to uphold my Constitutional rights and did not. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** through Color of State Law. Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), Self v. Rhay, 61 Wn 2d 261, "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries include those stated above as well as a loss of valuable time and energy due to Unlawful Detainment, False imprisonment, Deprivation of Rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983,  Monell 436 U.S. 658, Private Individual 1983 Liability, dwares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993), 42 U.S.C. 1983, Millbrook v U.S. 569 u.s. 50 (2013), F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388. I am seeking the remedy stated below in 12.

6. I, Darius Bey, claim Klusek at this point kept asking me my name, I Gave my Appellation, and they have my identification card and information on the public record I have already given. They wouldn't accept my appellation, 6-10 Officers those named above plus more who took oaths to uphold the constitution are conspiring against me and my Constitutional Rights. also violating my 4th amendment rights. Attempted and successfully were able to steal my  Private Property and misappropriate it, while attempting to coerce me into being their bond servant under a fictitious name. They are doing so by simulating a legal process in violation of the Constitution, Federal Law, Common Law, and Law of God. They are using their office of trust for private gain. attempting to Unfair trade with me and my property under C.R.I.D number 38816948. Injuring me by Committing Fraud, Racketeering, conspiracy, conspiracy to commit fraud, conspiracy of racketeering against me as well as Conspiracy Deprivation of rights according to 18 USC 241 and Deprivation of Constitutional Rights and Federal Law by way of "Policy", "Statues" of The Local Government 42 USC 1983 Monell v. Department of Social Services 436 US 658 (1978), According to ARS 38-231 the officers swore an oath to uphold my Constitutional rights and did not. Inhibiting My Constitutional Right to **"Life, Liberty, and The Pursuit Of Happiness"** through Color of State Law. Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries include Loss of valuable time and energy due to Unlawful Detainment. Deprivation of Rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983,  Monell 436 U.S. 658, Private Individual 1983 Liability, dwares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993), 42 U.S.C. 1983, Millbrook v U.S. 569 u.s. 50 (2013), F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388. I am seeking the remedy stated below in 12.

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

7.  I, Darius Bey, claim I was told by Klusek after not speaking that they were gonna take (steal) my property by way of tow truck since they wanted to continue to deprive me of my rights and felt as if local policy supersedes federal rights, federal laws and rights but that I could take my child and leave. I immediately called another driver to come pick up my conveyance. Once the driver arrived I got out of the driver's seat to the passenger seat and as I was entering the conveyance Klusek with Lamphier, Woods, Washington, and others Pushed me Forcefully against the car against my will. Handcuffing me, Digging into my pockets touching my penis and butt and taking my belongings from my possession Causing Injury in the form of Emotional Distress for me and my child, Deprivation of Constitutional Rights Under Color of State Law, False Imprisonment, Sexual Assault, Abuse of Process, Malicious Arrest and Prosecution, Kidnapping, Consipracy to Deprive Rights, Intentional Duress, Duress, Deprivation of Rights Under Color Of State Law, Neglectful Infliction of Emotional Duress, Fraud, Racketeering, Theft, Torture, as well as the unlawful conversion of my property to the unjust use of others, Malfeasance, Sedition, Treason, aiding and abetting a tortious claim, Instigating or participating in false imprisonment, consecutive tortfeasors. According to ARS 38-231 the officer swore an oath to uphold my Constitutional rights and did not. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** Under the Color of State Law, Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" causing more Injuries  that include Loss of valuable time and energy due to Unlawful Detainment, False Imprisonment, Deprivation of Rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983,  Monell 436 U.S. 658, Private Individual 1983 Liability, dwares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993), 42 U.S.C. 1983, Millbrook v U.S. 569 u.s. 50 (2013), F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388. I am seeking the remedy stated below in 12.

8.  I, Darius Bey, claim From there I was moved against my will by Curtis Klusek 10760, Andrea Lamphier 10858, Woods 10679 to a police vehicle where I was Kidnapped and held unlawfully for another 20 mins, given one last attempt to go along with their Fraud. I let the Officers know they were trampling over my Constitutional Rights that this is kidnapping and wouldn't be able to use ignorance of the law as an excuse. when officer Lewis the initiating officer comes back to the car and gives the arresting officers a thank you and gives them my stolen identification card and his version of what happened before they arrived. They are consecutive tortfeasors injuring me severely Mentally, Physically, and spiritually using kidnapping, theft, deprivation of rights, torture, intentional distress, duress, conspiracy deprivation of rights as a way to make me cooperate but my constitutional rights still stand and I look for remedy through F.T.C.A. and Claims against bonds. According to ARS 38-231 the officer swore an oath to uphold my Constitutional Rights and did not. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** Under the Color of State Law, Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are

### Affidavit of Truth
### NOTICE OF INTENT TO FILE TORT CLAIM

unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries include Loss of valuable time and energy due to Unlawful Detainment,  False Imprisonment, Deprivation of Rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983,  Monell 436 U.S. 658, Private Individual 1983 Liability, dwares v. CITY OF NEW YORK 985 F. 2d. 94, 98 (2d cir. 1993), 42 U.S.C. 1983, Millbrook v U.S. 569 u.s. 50 (2013), F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388. I am seeking the remedy stated below in 12.

9.  I, Darius Bey, claim Klusek and Lamphier were the officers driving me around to another location where they tighten the handcuffs around my wrist so tight to where I passed out multiple times, I was lightheaded and held in the Freezing Cold holding cell in the handcuffs for 3 hours using the discomfort as a means to get me cooperate with their color of law, I asked many times for the handcuffs to come off or loosened while I'm locked in a cell by myself. I was refused any common decency. Injuring me physically mentally and emotionally adding to my Fear for my life, Mental Discomfort, emotional distress, duress, physical discomfort from the tortuous behavior being inflicted upon me by the "Peace Officers" "State Actors".  False Imprisonment, Torture, Deprivation Of Rights, Abuse Of Process, Aiding and Abetting A Tortious claim, Malicious Arrest, Racketeering, Malfeasance. Consecutive Tortfeasors, 1983 Liability, Dwares v. CITY OF NEW YORK, 42 U.S.C. 1983, MillBrook v. U.S., According to ARS 38-231 the officer swore an oath to uphold my Constitutional rights and did not. Inhibiting My Constitutional Rights to "**Life, Liberty, and The Pursuit Of Happiness**" Under the Color of State Law, Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries include Loss of valuable time and energy due to Unlawful Detainment,  False Imprisonment, Deprivation of Rights, Conspiracy against rights 18 USC 241, 18 U.S.C. 242, 42 U.S.C. 1983,  Monell 436 U.S. 658, Private Individual 1983 Liability, 42 U.S.C. 1983, F.T.C.A. of 1946, 18 U.S.C. 2340, McMillan v. Monroe County, Alabama 117  S. CT. at 1734 (1997), McMillan, 117 S. CT. at 1741, ARS 38-231, Bivens Action 403 U.S. 388. I am seeking the remedy stated below in 12.

10.  I, Darius Bey, claim Klusek and Lamphier pulled me out of the cell and passed me to officer Woods, who proceeded to steal my personal property which is my fingerprints to use as a tool to further entrap me in their plan to deprive me of my rights to use the highways and byways freely with my Constitutional Rights to Life, Liberty and Pursuit of Happiness.injuring me by way of  Racketeering, Fraud, Theft, Abuse of Process, Conspiracy to deprive rights, deprivation of rights under color of law, conspiracy to deprive constitutional rights, Klusek Lamphier and Woods deprived worked together with other officers inside and on the phone for over 3 hours discussing charges that will stick and won't because of "sovereign Bullshit" which says the officers knew of my Constitutional Rights but chose not to acknowledge them, Uphold my Constitutional Rights or to allow local policy or state policy to supersede Federal Law and going against their oath of office A.R.S. 38-231 to uphold the Constitution instead of State Law, Police

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

Policy. Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law"" My Injuries continued from above include loss of valuable time and energy due to Unlawful Detainment, False Imprisonment. I am seeking the remedy stated in 12 below

11. I, Darius Bey, claim after misappropriating my private property, to commit fraud in a drawn out process of Malfeasance and Deprivation of Constitutional Rights under the color of state law. 42 U.S.C. 1983, Klusek, Lamphier, and other Officers in the building used torture to take my personal property (fingerprints) violating my 4th amendment to privacy, Fraud and raketeering against me by threat of violence by way of compelling me to use a false Identification in legal matters that requires the use of full legal names, violating my declaratory decree, Violating the State of Arizona Fiduciary Duty. The Result is an Unlawful Conversion of my private property. officers of Maricopa County, MARICOPA COUNTY, COUNTY OF MARICOPA, STATE OF ARIZONA, State of Arizona, The State of Arizona United States, UNITED STATES are Derelict in their duties, appear to be using their public office for private gain and are implicated in possible subordination of perjury by allowing unregistered legal fictions to be used in place of full legal names in legal matters. 23-785, Fraudulent Misrepresentation, Deprivation of rights, deprivation of constitutional rights under color of state law, Abuse of Process. Malicious arrest and Prosecution going against their oath of office to uphold my Constitutional Rights According to ARS 38-231. Inhibiting My Constitutional Rights to **"Life, Liberty, and The Pursuit Of Happiness"** Rodrigues v. Ray Donavan, U.S. Department of labor, 769 F. 2d 1344, 1348 (1985), "All codes, rules, and regulations are unconstitutional and lacking due lacking due process", Self v Rhay, 61 Wn 2d 261 "The Common Law is the real law, the Supreme Law of the land. The codes, rules, regulations, policy and statutes are "not the law " " My Injuries continued from about include Loss of valuable time and energy due to Unlawful Detainment, False Imprisonment. I am seeking the remedy stated below in 12.

12. I, Darius Bey, claim I was Transferred to Maricopa county sheriff office and held for 28 hours causing injury by being Humiliated and threatened in a extremely cold area depreciating my health in multiple ways using torturous and intentional duress and distress tactics against me such as threats and taking away time to find a solution, to coerce me into ways of agreeing to fraud against me through the taking of my property. I have a U.C.C. Filing on record at the county recorder's office stating do not stop do not detain and for every 15 mins I am taken, detained, 77,000,000 Federal Reserve Notes (Dollars) will be charged. (see attached 1 documents) 28 hrs totals to be $7 Billion 392 Million. Darius Bey is Willing to settle out of court if no other proceedings are needed.) I Demand Remedy of 7 Million Federal Reserve Notes (Dollars) or we can go to a Jury Trial of my peers. 2.) I demand Injunctive relief in the form of do not stop, do not detain orders for Darius Bey and all Allodial American Nationals in Arizona respected by all government officials in Arizona. 3.) Respect all my Allodial Rights in all Areas of Law.

13. I, Darius Bey, claim I Have A State Exemption that exempts me from Levy suite and Charge which is respected by every other Clerk, Register, in Arizona and seemingly everywhere except the tyrants of the

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

Maricopa County Sheriff, Phoenix Police Department and Judicial Courts. I Demand Respect for My Nationality in the form of Injunctive Remedy. DUE TO MY INJURIES stated above.

14. I, Darius Bey, Claim Arizona Department of Administration RISK MANAGEMENT, The State of Arizona, STATE OF ARIZONA, State of Arizona, Maricopa County, MARICOPA COUNTY, County Of Maricopa, Arizona Department of Insurance and Financial Institutions, Sergeant Lewis (Initiating officer), Curtis Klusek 10760, Andrea Lamphier 10858, Woods 10679, Washington 10305, and Sergeant Scott, Jeff Fine Clerk of The Court, Chief of Police Jerri Williams, Sheriff Paul Penzone, Governor Doug Doucey, Trust Administrator Jerry Spears, Phoenix Attorney General Mark Brnovich are all Culpable for the Claims and Injuries in above claims  and should be held as equally responsible for each claim and injury above.

15. **Attachment 1 List of all persons or entities whom the claim is Asserted**
16. **Attachment 2(a) phone records showing me calling my consul Emperor Troy Bey immediately upon stopping which is my first witness and (b) The witness Ashley Duran calling my wife after witnessing my kidnapping.**
17. **Attachment 3 Photocopy of Identification card given to officer upon request that was also Stolen and hasn't been returned. (b) cancellation of MVD Contract (c ) UCC-1 Financing Statement**
18. **Attachment 4 record of deeds recording number.  County Recorder's File Number**
19. **Attachment 5 Legal and Lawful Notice. Name Declaration, Correction Proclamation and Publication.**
20. **Attachment 6  Registration of Zodiac Constitution, Clock of Destiny Declaration of status, letter of Credence, Affidavit of Reservation U.C.C.. 1-308 1-207.**
21. **Attachment 7 Copyright Certificates From Library**
22. **Attachment 8 Traffic Ticket**
23. **Attachment 9 Proof of my State Exemption from Taxes used in commerce**

**Injured Persons Information**:

**Name:** Darius Bey   **Domicile:** ℅ PO BOX 42051 near [CORPORATE PHOENIX OF ARIZONA]   **Injuries:** Multiple

**Natural Born Day:** August 2, 1986   **Phone:** 602-451-8948   **Responding Police Agency:** Phoenix Police Department **Police Report Number:** <u>20220000061679</u>

8

# Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

**Claimant Vehicle Information:**

**Make:** Chevy   **Model:** Trailblazer   **Year:**2021   **License Plate #:** F0A8D9A

**Witness Information:**

**Name:** Emperor Troy Bey   **Domicile:** c/o 9460 East Graham Avenue near [BATON ROUGE CORPORATION OF LOUISIANA] 70814-400760   **Phone:** 225-953-3633

**Name:** Ashley Duran   **Domicile:** c/o 2529 West Cactus Road near [CORPORATE PHOENIX OF ARIZONA] 85029-400760   **Phone:** 317-294-4666

**Specific Amount for which the claim can be settled:** I, Darius Bey, Sur Juris, Federal Employer Identification Number 06143, in Propria Persona and expressly not "pro se" a claimant in personam and expressly not plaintiff, Standing in unlimited commercial liability as a Aboriginal and Indigenous Moor/Muur Flesh and Blood, Natural Person, Moorish American National, also hereafter "affiant" seeking a "common law remedy" pursuant to Constitutional Law 1791 (Republic).

1. The Moorish National Republic in and through its Consul General has commanded Jurisdiction pursuant to Treaty and Constitutional Law. Moorish American Nationals along with Darius Bey have been Violated by Corporate Colorable Codes, Rules Regulations, Statutes and Policy that has forced out Nationals under stress, duress, coercion, treason, Human trafficking, Deprivation of constitutional rights under color of state law, Racketeering, and Conspiracy against the Supreme Law of the Land I Command/Demand/Request Immediate Remedy. Equitable Remedy, Punitive Remedy, Injunctive Relief(Common Law Remedy), Compensatory Remedy, and Adequate Monetary Remedy.
2. With like force instruct all defendants and their agents to honor the full Diplomatic Immunity of the Moorish National Republic, and its Heirs including Darius Bey as he and other Moors/Muurs Travel on the Highways and Byways
3. I Demand Remedy of 7 Million Federal Reserve Notes (Dollars). for precious Time taken away from me and my family, which I can never regain through the Deprivation of My Constitutional Rights Under Color of State Law, False Imprisonment, Sexual Harassment, Abuse of Process, Malicious Arrest and

9

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

Prosecution, Kidnapping, Conspiracy to Deprive Rights, Fraud, Racketeering, Torture, Malfeasance, Infliction of Emotional and Mental Distress and Duress, Aiding and abetting a tortious claim, Instigating or participating in false imprisonment, consecutive tortfeasors. I have a U.C.C. Filing on record at the county recorder's office under recording number 2022-0340869 stating do not stop, do not detain and for every 15 mins I am taken, detained, or Stopped against my will 77,000,000 Federal Reserve Notes (Dollars) will be charged Per Violation. (see attached documents) 28hrs totals to be 7Billion 392 Million, but I Darius Bey am willing to settle out of court for 7 Million Federal Reserve Notes (Dollars) as a Adequate Monetary Remedy.

**I Declare that the statements above are TRUE, CORRECT AND COMPLETE to the best of my information, knowledge, and belief**

**if sworn as a witness, I can testify completely to the facts of this claim**

**In Honor Always,**

**I AM:**                          Date:    06-08-2022

**Darius Bey - 06143 Republic Office,**
**In Propria Persona, Sui Juris, De Jure**
**Allodial American National**
**Flesh and Blood Living Being**
**Ex Relatione DARIUS M JOHNSON c.r.i.d. 38816948**
**All Rights Reserved and Retained U.C.C. 1-308/1-207 U.C.C. 1-103**
**Not a Corporate Person or Entity**
**c/o p.o. box 42051**
**Near [CORPORATE PHOENIX OF ARIZONA]**
**85080-400760**
**united states, major**
**North West Amexem**
**Continent Continental North American Republic**

10

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

# ATTACHED 1

1. **ADOD RISK MANAGEMENT**

   1802 West Jackson Street #93

   Phoenix, Arizona 85007

2. **Attorney General Mark Brnovich**

   AZPOST

   PO Box 24070

   Phoenix, AZ 85074-4070

3. **Maricopa County**

   301 West Jefferson Street

   Phoenix, Arizona 85003

4. **MARICOPA COUNTY**

   301 West Jefferson Street

   Phoenix, Arizona 85003

5. **Jerry Spears - Director ADOD RISK MANAGEMENT**

   1802 West Jackson Street #93

   Phoenix, Arizona 85007

6. **Sheriff Paul Penzone**

   550 West Jackson

   Phoenix Az 85003

7. **Governor Doug Doucey**

   1700 West Washington Street

   Phoenix, Az 85007

8. **Chief of Police Jerri Williams**

   AZPOST

   PO Box 24070

11

Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

Phoenix, AZ 85074-4070

9. **CITY OF PHOENIX**

   200 W. Washington St.

   Phoenix, AZ  85003

10. **CITY OF PHOENIX POLICE DEPARTMENT**

    200 W. Washington St.

    Phoenix, AZ  85003

11. **Jeff Fine CLERK OF THE SUPERIOR COURT**

    620 WEST JACKSON STREET

    PHOENIX, ARIZONA 85003

12. **The State of Arizona**

    2005 North Central Avenue

    Phoenix, Arizona 85004-2926

13. **STATE OF ARIZONA**

    2005 North Central Avenue

    Phoenix, Arizona 85004-2926

14. **Arizona Department of Insurance and Financial Institutions**

    100 North 15th Avenue, Suite 261

    Phoenix, Arizona 85007

15. **Curtis Klusek 10760**

    Legal Liaison Section, Compliance Division

    550 West Jackson,

    Phoenix, Arizona

16. **Andrea Lamphier 10858**

    Legal Liaison Section, Compliance Division

    550 West Jackson,

    Phoenix, Arizona

12

## Affidavit of Truth
## NOTICE OF INTENT TO FILE TORT CLAIM

17. **Woods 10679**

    Legal Liaison Section, Compliance Division

    550 West Jackson,

    Phoenix, Arizona

18. **Washington 10305**

    Legal Liaison Section, Compliance Division

    550 West Jackson,

    Phoenix, Arizona

19. **Sergeant Scott**

    Legal Liaison Section, Compliance Division

    550 West Jackson,

    Phoenix, Arizona

20. **Sergeant Lewis (Initiating officer)**

    Legal Liaison Section, Compliance Division

    550 West Jackson,

    Phoenix, Arizona