**WO**                                                                                          SM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darius Johnson Bey, | No. CV-23-00477-PHX-MTL (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff Darius Johnson Bey brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 and Arizona law. Defendants have moved to dismiss the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docs. 9, 12.) Plaintiff was informed of his rights and obligations to respond (Docs. 11, 13), and he opposes the Motions to Dismiss. (Docs. 15, 16.)

**I.    First Amended Complaint**

In his First Amended Complaint, Plaintiff sues the State of Arizona, the Arizona Department of Administration–Risk Management Division ("ADOA-RMD"), Phoenix Police Department ("PPD"), Arizona Peace Officer Standards & Training Board ("AZPOST"), and PPD Officers Curtis Klusek and Andrea Lamphier. (Doc. 7.) Plaintiff makes the following allegations. On April 24, 2020 at approximately 9:44 a.m., Plaintiff was driving on the I-17 freeway in Phoenix with his child. (*Id.* at 2.) Plaintiff was stopped and detained by PPD Officer Lewis for no reason and without a warrant. (*Id.*) Plaintiff informed Officer Lewis of his "constitutionally protected right to travel." (*Id.*) Officer

Lewis asked Plaintiff for his identification, and Plaintiff complied. (*Id.*) Officer Lewis took Plaintiff's ID and called for backup. (*Id.*) Plaintiff asked Officer Lewis "to get a supervisor," and Officer Lewis responded that "he was the supervisor." (*Id.*)

Plaintiff was detained for over an hour, during which, he "was approached by as many as 6 different officers, while other officers gathered behind the plaintiff's property [and] conspired to take the plaintiff's property without a warrant." (*Id.*) Officers Lamphier and Klusek "antagonize[d] the incident by making threats, and implementing argumentative tactics to deviate the conversation from the constitutional law and their duty of care." (*Id.* at 3.)

Officer Klusek asked Plaintiff for one of the Supreme Court rulings that Plaintiff was referencing so that he could read it. (*Id.*) "[A]s Officer Klusek stood in the window reading the [Supreme Court] case . . . , the plaintiff took it upon himself to roll up his window to disengage the antagonizing tactics of the officers" and "tend to his anxious young child who was in the back seat[.]" (*Id.*) Officer Klusek said, "if you let up this window, I'm going to break it open and drag you out[.]" (*Id.*) "[B]efore the plaintiff was given a chance to comprehend what was said to him," Officer Klusek "voluntarily [and] aggressively yanked the plaintiff's property open and stepped inside" with his "hand over his gun[.]" (*Id.*)

At some point, Plaintiff moved from the driver's seat to the passenger seat, and "3–4 officers . . . forcefully pushed the plaintiff to the car window and door, grabbed the plaintiff's arm, twisted and lifted his arm in such a way to cause an immediate and extreme uncomfortable shooting pain up and down his arm and back." (*Id.*) The officers searched Plaintiff's property and person, "touching his penis and [reaching] into the plaintiffs' [sic] pockets taking private property[.]" (*Id.*)

Plaintiff was taken to jail for booking, and when he "continued to invoke his fourth amendment right to privacy, the officers made [Plaintiff's] handcuffs tighter." (*Id.* at 4.) Plaintiff was placed into a cell, still handcuffed, for "at least three hours." (*Id.*) After he was fingerprinted, Plaintiff was "forced to sit through multiple excruciating car rides and

22 hours in jail population under horrendous conditions[.]" (*Id.*) A judge eventually dismissed the charges against Plaintiff. (*Id.*)

In Count One, Plaintiff brings a false imprisonment/unlawful detention claim against Defendants PPD and ADOA-RMD. (*Id.* at 6.) In Count Two, Plaintiff brings an unreasonable search and seizure claim against "defendants on the scene," presumably Defendants Klusek and Lamphier. (*Id.*) In Count Three, Plaintiff brings a gross negligence/negligent training claim against Defendants AZPOST and PPD. (*Id.* at 7.) In Count Four, Plaintiff brings a malicious prosecution claim against Defendants State of Arizona, PPD, AZPOST, and ADOA-RMD. (*Id.* at 8.) In Count Five, Plaintiff brings a due process claim against all Defendants. (*Id.* at 9.) In Count Six, Plaintiff brings an assault claim against Defendant Klusek. (*Id.* at 9–10.) In Count Seven, Plaintiff brings a claim for "personal injuries," which the Court construes as an excessive force claim. (*Id.* at 10.) In Count Eight, Plaintiff brings an Eighth Amendment claim for unconstitutional conditions of confinement. (*Id.* at 11.) In Count Nine, Plaintiff brings a claim for negligent infliction of emotional distress against all Defendants. (*Id.* at 11–12.) In Count Ten, Plaintiff alleges a battery claim against Defendant Klusek. (*Id.* at 12.) In Count Eleven, Plaintiff brings a fraudulent misrepresentation claim. (*Id.* at 13.) In Count Twelve, Plaintiff alleges a claim for "deprivation of rights." (*Id.* at 14.) In Count Thirteen, Plaintiff brings a claim for "unlawful incarceration," against Defendant PPD. (*Id.*) In Count Fourteen, Plaintiff alleges a claim for "civil rights violation." (*Id.* at 15.) Plaintiff seeks compensatory damages, punitive damages, attorney's fees, and costs. (*Id.* at 16–18.)

Defendants now move to dismiss the First Amended Complaint for failure to state a claim. (Docs. 9, 12.)

**II.    Rule 12(b)(6) Standard**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

Generally, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**III. Failure to State a Claim**

    **A. Defendants PPD, AZPOST, and ADOA-RMD**

In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (dismissing claims against the Maricopa County Sheriff's

Office because it is not a jural entity as no Arizona statute confers on it the ability to sue or be sued). This Court has acknowledged the consensus that Arizona's municipal law enforcement agencies, including Defendant PPD, are not jural entities. *See, e.g.*, *Morton v. Phoenix Police Dep't*, No. CV-15-00405-PHX-BSB, 2015 WL 1737667, at *4 (D. Ariz. Apr. 16, 2015) (holding that the PPD is not a proper defendant in a claim under § 1983) *Watson-Nance v. City of Phoenix*, No. CV-08-1129-PHX-ROS, 2009 WL 792497, at *9 (D. Ariz. Mar. 24, 2009) (concluding that the PPD is an unauthorized defendant and dismissing it from the lawsuit); *Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (finding that the PPD is a subpart of the City of Phoenix and not a separate jural entity). Similarly, Defendants AZPOST and ADOA-RMD's enabling statutes do not allow them to sue in their own names. (*See* A.R.S. §§ 41-1822 (AZPOST enabling statute), 41-621–41-626 (ADOA-RMD enabling statutes).) Therefore, Defendants PPD, AZPOST, and ADOA-RMD must be dismissed as non-jural entities. Because these are the only Defendants named in Counts One, Three, Four, and Thirteen, those counts are dismissed.

### B. Defendant State of Arizona

Plaintiff only seeks damages in this action. (*See* Doc. 7 at 16–18.) Under the Eleventh Amendment, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although Arizona Revised Statutes § 31-201.01(F) amounts to a waiver of Arizona's immunity from suit in its own courts, the Supreme Court "consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst*, 465 U.S. at 99 n.9. Section 31-201.01(F) contains no express language regarding Arizona's consent to suit in federal courts and does not overwhelmingly imply that Eleventh Amendment immunity has been waived. *See Rodrigues v. Ryan*, No. CV 16-08272-PCT-DGC (ESW), 2017 WL 6033784 (D. Ariz. Dec. 6, 2017). Therefore, Plaintiff's claims against the State of Arizona will be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted) (holding that the

Eleventh Amendment protects states from being sued for damages in federal court).

### C. Defendant Lamphier

Plaintiff's vague and conclusory allegation that Defendant Lamphier "antagonize[d] the incident by making threats, and implementing argumentative tactics to deviate the conversation from the constitutional law and their duty of care" is not sufficient to state a constitutional claim. (Doc. 7 at 3.) Verbal threats or abuse, absent more, do not rise to the level of a constitutional violation. *Somers v. Thurman*, 109 F.3d 614, 624 (9th Cir. 1997); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). If true, Officer Lamphier's conduct described in the First Amended Complaint is unprofessional. However, it does not violate the Constitution. Absent allegations that specifically link Defendant Lamphier's conduct to a specific constitutional violation, Plaintiff has failed to state a claim against Defendant Lamphier, and Defendant Lamphier will be dismissed.

### D. Failure to Link Defendants to Injury

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). To sufficiently state a claim, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Thus, a plaintiff must allege that he suffered a specific injury because of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Id*.

In Counts Five, Seven, Eight, Nine, Eleven, Twelve, Thirteen, and Fourteen, Plaintiff vaguely refers to unnamed "officers" and unspecified "defendants" without

linking any of the alleged constitutional violations to Defendant Klusek, the only Defendant remaining in the action. Plaintiff does not allege that Defendant Klusek was present when these unknown individuals violated his constitutional rights or that Defendant Klusek was in a position to stop them from doing so. Vague and conclusory allegations that unnamed individuals violated a constitutional right are not acceptable and will be dismissed. Therefore, these counts will be dismissed without prejudice.

### E. Defendant Klusek

#### 1. State Law Claims – Notice of Claim

Defendants argue that Plaintiff's state law claims should be dismissed because he failed to serve them with a timely notice of claim. (Doc. 12 at 6–7.) The court may properly consider evidence outside of the complaint in a motion to dismiss if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Otherwise, consideration of the Notice of Claim issue would entail making factual determinations from matters outside the pleadings and would convert the instant 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). "'When the district court transforms a dismissal into a summary judgment proceeding, it must inform a plaintiff who is proceeding pro se that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material.'" *Anderson v. Angelone*, 86 F.3d 932, 934–35 (9th Cir.1996) (quoting *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir.1995)). Here, Plaintiff attached a "Notice of Intent to File Tort Claim" to the operative First Amended Complaint. (Doc. 7 at 20–32.) The notice of claim is integral to Plaintiff's state law claims because said claims are barred unless a notice of claim was properly filed, and there is no dispute as to the authenticity of Plaintiff's attachment. Therefore, the Court will address the notice of claim issue without converting

the Motion to Dismiss into a Motion for Summary Judgment.

Arizona Revised Statutes § 12-821.01(A) requires that:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). "When a person asserts claims against a public entity and public employee, the person 'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (quoting *Crum v. Superior Court,* 922 P.2d 316, 317 (Ariz. App.1996)) (emphasis in original). Arizona courts have held that plaintiffs who do not strictly comply with these requirements are barred from suing. *See Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005); *Harris*, 160 P.3d at 230.

Defendants argue that "Plaintiff never served Defendant City Defendants or non-party the City of Phoenix with a notice of claim prior to filing the suit, and therefore, Plaintiff's state law claims are legally barred." (Doc. 12 at 7.) In response, Plaintiff appears to challenge the validity of the notice-of-claim statute, arguing that Defendants "have no right, authority, or standing in law to create or enforce local or special rule[s] which limit civil actions . . . ." (Doc. 16 at 5.) But Arizona courts have consistently upheld and enforced the notice-of-claim requirement. *See, e.g., Deer Valley Unified School Dist. No. 97 v. Houser*, 152 P.3d 490, 491 (Ariz. 2007) (dismissing suit for claimant's failure to strictly comply with A.R.S. § 12-821.01); *Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990) (compliance with notice-of-claim statute is a "mandatory" and "essential" prerequisite to suit). Moreover, the "Notice of Intent to File Tort Claim" attached to

- 8 -

Plaintiff's First Amended Complaint is signed by Plaintiff and dated June 8, 2022, but there is no documentation showing that the notice was served on both the City of Phoenix and Defendant Klusek as required by law. (*See* Doc. 7 at 29.) Plaintiff does not dispute that he did not personally serve the Notice of Claim on Defendant Klusek. Accordingly, Plaintiff's state law claims for assault and battery in Counts Six and 10, respectively, must be dismissed.

### 2. Qualified Immunity – Fourth Amendment Claim

Defendants argue that Defendant Klusek is entitled to qualified immunity. (Doc. 12 at 4–5.) Government officials are entitled to qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In deciding if qualified immunity applies, the Court must determine: (1) whether the facts alleged show the defendant's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 230-32, 235-36 (2009) (courts may address either prong first depending on the circumstances in the case).

Granting dismissal based on qualified immunity pursuant to a Rule 12(b)(6) motion is only appropriate if the Court can determine from the face of the complaint that qualified immunity applies. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001); *Morley v. Walker*, 175 F.3d 756, 761 (9th Cir 1999) (because allegations in a complaint are regarded as true on a motion to dismiss, dismissal based on qualified immunity is inappropriate).

The only claim remaining is Plaintiff's Fourth Amendment unlawful search and seizure claim against Defendant Klusek in Count Two. Plaintiff alleges that when he attempted to roll up his window, Defendant Klusek told him, "If you let up this window, I'm going to break it open and drag you out" and that Defendant Klusek "voluntarily [and] aggressively yanked the plaintiff's property open and stepped inside" with his "hand over his gun[.]" (Doc. 7 at 3.) Plaintiff alleges that there was no warrant, probable cause, or reasonable suspicion to stop, detain, or arrest him. (*Id.* at 7.)

Defendants argue that Defendant Klusek is entitled to qualified immunity because "stopping a car for speeding" and asking for identification does not violate clearly established law. (Doc. 12 at 5.) However, this argument necessarily requires the Court to consider matters outside of the pleadings, namely, the incident report from Plaintiff's arrest. Although the incident report was attached to Plaintiff's original Complaint, Plaintiff did not attach it to the First Amended Complaint, and upon amendment, the Court treats the original Complaint as nonexistent. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Resolution of this issue requires factual development to ascertain the events underlying the traffic stop and Plaintiff's arrest. Such questions cannot be resolved on a motion to dismiss. Therefore, the Court will deny dismissal on qualified immunity grounds without prejudice and with leave to re-assert the argument in a properly filed motion for summary judgment.

**IV.    Claims for Which an Answer will be Required**

Liberally construed, Plaintiff has stated a Fourth Amendment unlawful search and seizure claim in Count Two against Defendant Klusek, and the Court will require Defendant Klusek to answer this claim.

**V.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motions to Dismiss (Docs. 9, 12).

(2) Defendants ADOA-RMD, AZPOST, and State of Arizona's Motion to Dismiss (Doc. 9) is **granted**.

(3) Defendants PPD, Lamphier, and Klusek's Motion to Dismiss (Doc. 12) is **denied** as to Plaintiff's Fourth Amendment unlawful search and seizure claim against Defendant Klusek, and the Motion to Dismiss is otherwise **granted**.

(4) Defendants ADOA-RMD, AZPOST, State of Arizona, are PPD **dismissed with prejudice**, and Officer Lamphier is **dismissed without prejudice**.

(5) Counts One, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen are **dismissed without prejudice**.

(6) Defendant Klusek must **answer** Count Two.

(7) This matter remains referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 11th day of October, 2023.

Michael T. Liburdi
United States District Judge