**WO**                                                                 SM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darius Johnson Bey, | No. CV-23-00477-PHX-MTL (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona, State of , et al., | |
| Defendants. | |

Plaintiff Darius Johnson Bey brought this pro se civil rights action under 42 U.S.C. § 1983 and Arizona law. (Doc. 7.) Defendants moved to dismiss the action (Docs. 9, 12), and the Court dismissed all claims and Defendants except for Plaintiff's Fourth Amendment unlawful search and seizure claim against Defendant Klusek in Count Two. (Doc. 33.) Defendant Klusek now moves for summary judgment, and Plaintiff opposes the Motion for Summary Judgment.[1] (Docs. 50, 56.) Defendant filed a Reply. (Doc. 57).[2]

The Court will grant the Motion for Summary Judgment and dismiss the action with prejudice.

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) regarding the requirements of a response. (Doc. 53.)

[2] The local rules provide only for responsive and reply memoranda; a party may not file a sur-reply without leave of Court. *See* LRCiv 7.2 (authorizing response and reply memoranda only); *Millennium 3 Technologies v. ARINC, Inc.*, No. CV-08-1257, 2008 WL 4737887 at *2 (D. Ariz. Oct. 29, 2008) ("Neither Fed. R. Civ. P. 7 nor the local rules of practice for this District provide for the filing of a Sur-Reply, and Sur-Replies are not authorized by any other rules of procedure absent express prior leave of the Court.") Plaintiff did not obtain the Court's permission to file his sur-reply (Doc. 58). Accordingly, the Court will direct the Clerk of Court to strike the unauthorized sur-reply.

**I.      Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co.*, *Ltd. v. Fritz Co.*, *Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**II.     Undisputed Facts**[3]

On April 24, 2022, at approximately 9:50 a.m., Phoenix Police Department (PPD)

---

[3] Despite being advised of the requirements for a response (Doc. 53), Plaintiff did

- 2 -

1  Sergeant Jason Smith was traveling southbound in a marked PPD Chevrolet Tahoe in the
2  HOV lane on Interstate 17 in Phoenix, Arizona.  (Doc. 51, Def.'s Statement of Facts ¶ 2.)
3  Sergeant Smith observed a Chevrolet Trailblazer in the same lane going approximately 90
4  mph in a 55-mph zone.  (*Id.* ¶ 3.)  Sergeant Smith switched lanes and drove alongside the
5  vehicle to make the driver decrease their speed.  (*Id.* ¶ 4.)  The driver, later identified as
6  Plaintiff, slowed the Trailblazer.  (*Id.* ¶ 6.)  Sergeant Smith continued past Plaintiff and
7  changed lanes back to the HOV lane in front of the Trailblazer.  (*Id.* ¶ 7.)

As Sergeant Smith continued south, he saw the Trailblazer increase speed, switch lanes, and pass numerous vehicles, including Sergeant Smith.  (*Id.* ¶ 8.)  As the Trailblazer passed Sergeant Smith, Sergeant Smith observed a 55-mph sign along the interstate and observed he was matching the Trailblazer's speed at 85 mph.  (*Id.* ¶ 9.)  This proceeded for approximately 200 feet when the Trailblazer abruptly changed lanes.  (*Id.* ¶ 10.)  Sergeant Smith activated his overhead lights and initiated a traffic stop for criminal speeding.  (*Id.* ¶ 11.)  The Trailblazer slowed down and pulled to the right side of the interstate and stopped at Exit 207.  (*Id.* ¶ 12.)

Sergeant Smith activated his body-worn camera, stopped behind the Trailblazer, exited his vehicle, and approached the Trailblazer with the intention of giving the driver of the vehicle a warning to slow down.  (*Id.* ¶ 13.)  Sergeant Smith observed Plaintiff in the driver's seat, without a seatbelt, on his cellular phone.  (*Id.* ¶ 14.)  Sergeant Smith also observed that there was a child in the backseat of Plaintiff's vehicle.  (*Id.* ¶ 15.)

Sergeant Smith knocked on the driver's window and Plaintiff lowered the window approximately two inches.  (*Id.* ¶ 17.)  He asked for Plaintiff's license, registration, and insurance.  (*Id.* ¶ 18.)  Plaintiff ignored Sergeant Smith and instead lowered his window halfway down and extended his cellular phone out the window.  (*Id.* ¶ 19.)

Sergeant Smith asked for Plaintiff's license, registration, and insurance again.  (*Id.*

---

not file a separate or controverting statement of facts, and his First Amended Complaint is not verified.  Therefore, the Court will consider Defendant's facts undisputed.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (where the nonmovant is a pro se litigant, the Court must consider as evidence in opposition to summary judgment all the nonmovant's contentions set forth in a *verified* complaint or motion) (emphasis added).

¶ 20.) Based on failure to comply, Sergeant Smith instructed Plaintiff to step out of the vehicle. (*Id.* ¶ 21.) Plaintiff told Sergeant Smith to "talk to my superiors," to which Sergeant Smith refused, and Sergeant Smith again instructed Plaintiff to step out of the vehicle. (*Id.* ¶ 22.) Plaintiff continued to ignore Sergeant Smith's instructions. (*Id.* ¶ 23.) Sergeant Smith called for backup. (*Id.* ¶ 24.)

Plaintiff told Sergeant Smith that he (Plaintiff) is a "living human being, I'm a Moor" and that because of this, Plaintiff purportedly did not have to follow Arizona statutes on speeding. (*Id.* ¶ 25.) Plaintiff stated, "I don't go by your statutes" and further asserted that Sergeant Smith was a "pirate" for attempting to enforce Arizona law. (*Id.* ¶ 26.) Plaintiff then asserted that "speeding is not the law, I'm traveling, I have the right to travel, period." (*Id.* ¶ 27.) In response to Sergeant Smith's repeated request for a license, Plaintiff asserted, "I do not contract with you guys, talk to my superiors." (*Id.* ¶ 28.) Plaintiff further asserted that he was not in "commerce" and therefore was not "driving" and did not need a license. (*Id.* ¶ 29.)

Approximately six minutes into this interaction, Plaintiff presented an "information card" of unknown origin to Sergeant Smith. (*Id.* ¶ 30.) The "information card" included a picture of Plaintiff wearing a hat and extending his middle finger at the camera. (*Id.* ¶ 31.) Sergeant Smith conducted a records check of the "information card," but the name and information provided on the card, "Darius Johnson Bey," did not match any known individual. (*Id.* ¶ 32.)

At approximately 9:56 a.m., Defendant PPD Officer Curtis Klusek and PPD Officer Lamphier responded to the traffic stop. (*Id.* ¶ 33.) Sergeant Smith told Officers Klusek and Lamphier that Plaintiff had not provided a driver's license, informed them of Plaintiff's assertions regarding traveling and commerce, and showed them the "information card" that Plaintiff had presented. (*Id.* ¶ 34.)

Officer Lamphier spoke with Plaintiff and attempted to obtain his name and driver's license, but Plaintiff continued to refuse. (*Id.* ¶ 35.) Next, Officer Klusek spoke with Plaintiff and attempted to obtain his name and driver's license, but Plaintiff continued to

refuse. (*Id.* ¶ 36.) For over twenty minutes, Plaintiff explained his interpretation of the right to travel, and Officer Klusek listened while occasionally asking questions. (*Id.* ¶ 37.) During this time, the officers allowed Plaintiff to call and arrange for someone to pick up his daughter and take his vehicle from the scene, so it did not have to be towed. (*Id.* ¶ 38.)

At approximately 10:22 a.m., Plaintiff asked Officer Klusek if Plaintiff could get out of the vehicle and move to the passenger's side of the vehicle. (*Id.* ¶ 39.) Plaintiff exited the vehicle, and while Plaintiff was still outside of the vehicle, Officer Klusek arrested Plaintiff for criminal speeding and failure to provide identification. (*Id.* ¶ 41.)

Officer Klusek accompanied Officer Lamphier who transported Plaintiff for processing. (*Id.* ¶ 42.) While in custody, Plaintiff's fingerprints were taken, and it was discovered that his legal name is Darius M. Johnson. (*Id.* ¶ 43.) It was also discovered that Plaintiff's Arizona driver's license was suspended for failure to appear for court on a different criminal speeding violation in Peoria, Arizona. (*Id.* ¶ 44.)

Plaintiff was charged with exceeding posted speed by more than 20 mph pursuant to A.R.S. § 28-701.02(A)(3); driving with license suspended/revoked pursuant to A.R.S. § 28-3473(A); obstruction – refusal to provide truthful name pursuant to A.R.S. § 13-2412(A); and failure to show driver's license or identification pursuant to A.R.S. § 28-1595(B). (*Id.* ¶ 45.)

### III. Discussion

To prevail on a Fourth Amendment claim, a plaintiff must be able to show that there was no probable cause for the search or seizure. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citation omitted). Probable cause exists when an officer has reasonably trustworthy information of facts and circumstances that are sufficient to justify the belief that an offense has been or is being committed. *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009) (citing *Brinegar v. United States*, 338 U.S. 160, 175−76 (1949) (internal quotation marks omitted)). "Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes. *John v. City*

*of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008).

When determining whether probable cause exists, the Court looks to the totality of the circumstances known to the arresting officer at the time of the arrest. *Id.* (internal quotation marks and citation omitted). "In applying these standards, [the Court] must consider all the facts known to the officers and consider all the reasonable inferences that could be drawn by them before the arrest." *United States v. Martin*, 509 F.2d 1211, 1213 (9th Cir. 1975). Where any potential crime is supported by probable cause, the arrest is justified. *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 952 (9th Cir. 2003), *overruled on other grounds by Edgerly v. City & Cnty. of San Francisco,* 599 F.3d 946, 956 n. 14 (9th Cir.2010); *Barry v. Fowler*, 902 F.2d 770, 773, n.5 (9th Cir. 1990); *Lacy v. Cnty. of Maricopa*, 631 F. Supp. 2d 1183, 1194 (D. Ariz. 2008).

The evidence includes video footage from Defendant Klusek's body-worn camera. (Doc. 17.) At summary judgment, the Court must take as true the facts as depicted in the video of an incident. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (a court may properly consider video evidence in ruling on a motion for summary judgment and should view the facts "in the light depicted by the videotape").

Plaintiff claims that when he attempted to roll up his window, Defendant Klusek told him, "If you let up this window, I'm going to break it open and drag you out" and that Defendant Klusek "voluntarily [and] aggressively yanked the plaintiff's property open and stepped inside" with his "hand over his gun[.]" (Doc. 7 at 3.) Plaintiff alleges that there was no warrant, probable cause, or reasonable suspicion to stop, detain, or arrest him. (*Id.* at 7.)

The video footage clearly contradicts Plaintiff's allegations in the First Amended Complaint. The footage shows that Defendant Klusek remained calm throughout his interaction with Plaintiff, even when Plaintiff repeatedly refused to comply with orders; Plaintiff exited the vehicle voluntarily, and he was handcuffed and arrested without incident. Plaintiff does not deny that he was speeding when he was pulled over or that he failed to provide the officers a valid form of identification. On these facts, the evidence

shows that there was probable cause to arrest Plaintiff and that his arrest was reasonable. Plaintiff has not presented facts to create a genuine issue of material fact that the circumstances of his arrest violated the Fourth Amendment.

For the foregoing reasons, the Motion for Summary Judgment will be granted.

**IT IS ORDERED:**

(1) The Clerk of Court must **strike** Plaintiff's unauthorized sur-reply (Doc. 58) from the record.

(2) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion for Summary Judgment (Doc. 50).

(3) Defendant's Motion for Summary Judgment (Doc. 50) is **granted**, and the action is terminated **with prejudice**. The Clerk of Court must enter judgment accordingly.

Dated this 2nd day of May, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge